BALDWIN INVESTMENT COMPANY, APPELLEE, v. J. A. BAILEY ET AL., APPELLANTS.

FILED JUNE 21, 1895.   No. 6249.

1. **Mortgages**: WAIVER OF RIGHT OF FORECLOSURE: CONSIDERATION. Where the defendant pleaded the waiver of the stipulated right of a mortgagee, upon failure to pay interest as it fell due, to foreclose for the entire amount secured, *held*, that such waiver was not binding, because the sole consideration to support it was the making of payment of another sum of interest past due, than the sum of interest not paid when due, which gave the right of foreclosure insisted upon.

2. **Conflicting Evidence**: REVIEW.   A finding of fact made upon conflicting evidence will not be disturbed on appeal to the supreme court.

APPEAL from the district court of Lancaster county. Heard below before HALL, J.

*Webster, Rose & Fisherdick*, for appellants.

*F. A. Boehmer, N. Rummons, Harwood, Ames & Pettis,*

*J. P. Maule, Lamb, Ricketts & Wilson,* and *A. J. Cornish, contra.*

RYAN, C.

The dispute to be settled by this appeal is between the Baldwin Investment Company, the appellee, and James A. and Hester A. Bailey, the appellants. There was a decree of foreclosure in the district court of Lancaster county in favor of the appellee, the mortgagee, against the appellants, the mortgagors.

There were three notes each of $1,400, and each secured by a mortgage which described a lot different from that included in either of the other mortgages. There was in each note the following condition: "If any part of the interest shall remain unpaid thirty days after due, the principal note shall become due and payable at once, or at any time while said default continues, at the option of the holder without notice." By the terms of the mortgage it was agreed that "upon the failure of said mortgagors to make any of the payments secured by this mortgage promptly when due    *    *    *    the legal holder thereof may declare the full amount of said principal debt due and payable forthwith, without notice, and cause the mortgage to be foreclosed at any time while such default continues," etc. Default was made in the payment of the interest due October 1, 1890, April 1, 1891, and October 1, 1891. As against the right of the mortgagee to avail itself of the above condition by a foreclosure of the entire debt secured, the appellants, by answer, pleaded that on July 15, 1891, the mortgagee waived the right to foreclose for non-payment of interest which had fallen due on April 1 preceding, in consideration of the payment of the interest which had fallen October 1, 1890, with the interest which was due on said interest up to July 1, 1891. This was treated as denied by reply, and the evidence in reference to the existence of a waiver was conflicting. Under these circum-

stances it must be accepted as established that the defense was not sustained by proofs. At any rate there was no sufficient consideration to sustain the contract of waiver pleaded, for the payment was only such as the mortgagors were under obligation to make at the time they made it.

In argument there is discussed the effect of exacting usury in the original transactions, but as this defense was not pleaded it cannot be considered. The judgment of the district court is

AFFIRMED.